## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANTHONY DEPAOLA,

      Plaintiff,

v.

CAPITAL ONE, FINANCIAL
CORPORATION, D/B/A CAPITAL
ONE, and LLOYD & MCDANIEL,
PLLC,

      Defendants.

_____/

CASE NO: 8:25-CV-00613-KKM-TGW

### DEFENDANT, CAPITAL ONE, N.A.'S,
### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, CAPITAL ONE, N.A. ("Capital One"), improperly named as "Capital One Financial Corporation d/b/a Capital One," by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint [DE 01] of Plaintiff, Anthony DePaola ("Plaintiff"), in which Capital One expressly denies all allegations not specifically admitted (including in Wherefore clauses, footnotes, section headings, subparts, and unnumbered paragraphs), and further states as follows:

## JURISDICTION AND VENUE

1.     Capital One admits only that the Court has subject matter jurisdiction, but otherwise denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2.     Capital One admits only that it transacts business in Florida but otherwise lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore denies those allegations.

## PARTIES

3.     Capital One lacks sufficient information to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore denies those allegations.

4.     Capital One admits only that it has its principal place of business located in McLean, Virginia.

5.     Capital One lacks sufficient information to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore denies those allegations.

## DEMAND FOR JURY TRIAL

6.     Capital One admits that Plaintiff demands a jury trial, but denies that Plaintiff is entitled to a trial, jury or otherwise.

## ALLEGATIONS

7.     Capital One admits only that Plaintiff had an outstanding balance on his Capital One credit card account ending in -7652 (the "Account"). Otherwise, Capital One lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore denies those allegations.

8.     Capital One admits only that Plaintiff had an outstanding balance on the Account. Otherwise, Capital One lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore denies those allegations.

9.     Capital One lacks sufficient information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore denies those allegations.

10.     Capital One admits only that Plaintiff had an outstanding balance on the Account. Otherwise, Capital One lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore denies those allegations.

11.     Paragraph 11 of Plaintiff's Complaint alleges legal conclusions that do not require a response from Capital One. To the extent a response is required,

Capital One denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Capital One lacks sufficient information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore denies those allegations.

13.     Capital One admits only that January 10, 2024 is the date on Plaintiff's Attorney Representation Notice ("ARN") which is Exhibit "A" to the Complaint, which speaks for itself, but otherwise denies the remaining allegations in Paragraph 13 of Plaintiff's Complaint.

14.     Capital One admits only that January 10, 2024 is the date on Plaintiff's ARN which is Exhibit "A" to the Complaint, which speaks for itself, but otherwise denies the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

15.     Capital One admits only that January 10, 2024 is the date on Plaintiff's ARN which is Exhibit "A" to the Complaint, which speaks for itself, but otherwise denies the remaining allegations in Paragraph 15 of Plaintiff's Complaint.

16.     Capital One denies the allegations in Paragraph 16.

17.     Capital One denies the allegations in Paragraph 17.

18.     Capital One denies the allegations in Paragraph 18.

19.     Capital One denies the allegations in Paragraph 19.

20.     Capital One admits only that it engaged Lloyd & McDaniel PLC to file a lawsuit and recover from Plaintiff the amount owed on the Account. Otherwise, Capital One denies the remaining allegations in Paragraph 20.

21.     Capital One admits only that it engaged Lloyd & McDaniel PLC to file a lawsuit and recover from Plaintiff the amount owed on the Account. Otherwise, Capital One denies the remaining allegations in Paragraph 21.

22.     Capital One admits only that it engaged Lloyd & McDaniel PLC to file a lawsuit and recover from Plaintiff the amount owed on the Account. Otherwise, Capital One denies the remaining allegations in Paragraph 22.

23.     Capital One admits only that it engaged Lloyd & McDaniel PLC to file a lawsuit and recover from Plaintiff the amount owed on the Account. Otherwise, Capital One lacks sufficient information to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore denies those allegations.

24.     Capital One lacks sufficient information to admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint, and therefore denies those allegations.

25.     Capital One lacks sufficient information to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint, and therefore denies those allegations.

LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, Florida 33130

26.     Capital One lacks sufficient information to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint, and therefore denies those allegations.

27.     Capital One lacks sufficient information to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint, and therefore denies those allegations.

28.     Capital One lacks sufficient information to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint, and therefore denies those allegations.

29.     Capital One lacks sufficient information to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Complaint, and therefore denies those allegations.

30.     Capital One lacks sufficient information to admit or deny the allegations contained in Paragraph 30 of Plaintiff's Complaint, and therefore denies those allegations.

31.     Capital One lacks sufficient information to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint, and therefore denies those allegations.

32.     Capital One lacks sufficient information to admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint, and therefore denies those allegations.

33.     Capital One lacks sufficient information to admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint, and therefore denies those allegations.

34.     Capital One admits only that it engaged Lloyd & McDaniel PLC to file a lawsuit and recover from Plaintiff the amount owed on the Account and that Exhibit B to the Complaint speaks for itself. Otherwise, Capital One denies the remaining allegations in Paragraph 34.

35.     Capital One admits only that it engaged Lloyd & McDaniel PLC to file a lawsuit and recover from Plaintiff the amount owed on the Account and that Exhibit B to the Complaint speaks for itself. Otherwise, Capital One denies the remaining allegations in Paragraph 35.

36.     Capital One admits only that it engaged Lloyd & McDaniel PLC to file a lawsuit and recover from Plaintiff the amount owed on the Account and that Exhibit B to the Complaint speaks for itself. Otherwise, Capital One denies the remaining allegations in Paragraph 36.

37.     Capital One admits only that it engaged Lloyd & McDaniel PLC to file a lawsuit and recover from Plaintiff the amount owed on the Account and that

LIEBLER, GONZALEZ & PORTUONDO
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, Florida 33130

Exhibit B to the Complaint speaks for itself. Otherwise, Capital One denies the remaining allegations in Paragraph 37.

38.    Capital One admits only that it engaged Lloyd & McDaniel PLC to file a lawsuit and recover from Plaintiff the amount owed on the Account and that Exhibit B to the Complaint speaks for itself. Otherwise, Capital One denies the remaining allegations in Paragraph 38.

39.    Capital One admits only that it engaged Lloyd & McDaniel PLC to file a lawsuit and recover from Plaintiff the amount owed on the Account and that Exhibit B to the Complaint speaks for itself. Otherwise, Capital One denies the remaining allegations in Paragraph 39.

40.    Capital One admits only that it engaged Lloyd & McDaniel PLC to file a lawsuit and recover from Plaintiff the amount owed on the Account and that Exhibit B to the Complaint speaks for itself. Otherwise, Capital One denies the remaining allegations in Paragraph 40.

41.    Capital One admits only that it engaged Lloyd & McDaniel PLC to file a lawsuit and recover from Plaintiff the amount owed on the Account and that Exhibit B to the Complaint speaks for itself. Otherwise, Capital One denies the remaining allegations in Paragraph 41.

42.     Capital One lacks sufficient information to admit or deny the allegations contained in Paragraph 42 of Plaintiff's Complaint, and therefore denies those allegations.

43.     Capital One denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     Capital One lacks sufficient information to admit or deny the allegations contained in Paragraph 44 of Plaintiff's Complaint, and therefore denies those allegations.

45.     Capital One lacks sufficient information to admit or deny the allegations contained in Paragraph 45 of Plaintiff's Complaint, and therefore denies those allegations.

46.     Capital One admits only that it engaged Lloyd & McDaniel PLC to file a lawsuit and recover from Plaintiff the amount owed on the Account and that Exhibit B to the Complaint speaks for itself. Otherwise, Capital One denies the remaining allegations in Paragraph 46.

47.     Capital One admits only that it engaged Lloyd & McDaniel PLC to file a lawsuit and recover from Plaintiff the amount owed on the Account and that Exhibit B to the Complaint speaks for itself. Otherwise, Capital One denies the remaining allegations in Paragraph 47.

## COUNT 1
## VIOLATION OF FLA. STAT. § 559.72(18)
(against Defendant-Creditor)

48.     Capital One reasserts its responses to Paragraphs 7 through 47 above as if fully set forth herein.

49.     Paragraph 49 of Plaintiff's Complaint alleges legal conclusions that do not require a response from Capital One. To the extent that Paragraph 49 does require a response, Capital One asserts that Fla. Sta. § 559.72(18) speaks for itself and denies the allegations of Paragraph 49 to the extent inconsistent therewith.

50.     Capital One admits only that it engaged Lloyd & McDaniel PLC to file a lawsuit and recover from Plaintiff the amount owed on the Account. Otherwise, Capital One denies the remaining allegations in Paragraph 50.

51.     Capital One denies the allegations in Paragraph 51.

52.     In response to Paragraph 52, Capital One admits only that Plaintiff has made a prayer for relief from the Court. However, Capital One denies that Plaintiff is entitled to such relief.

## COUNT 2
## VIOLATION OF FLA. STAT. § 559.72(6)
(against Defendant-Creditor)

53.     Capital One reasserts its responses to Paragraphs 7 through 47 above as if fully set forth herein.

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, Florida 33130

54.     Paragraph 54 of Plaintiff's Complaint alleges legal conclusions that do not require a response from Capital One. To the extent that Paragraph 54 does require a response, Capital One asserts that Fla. Sta. § 559.72(6) speaks for itself and denies the allegations of Paragraph 54 to the extent inconsistent therewith.

55.     Capital One admits only that it engaged Lloyd & McDaniel PLC to file a lawsuit and recover from Plaintiff the amount owed on the Account. Otherwise, Capital One denies the remaining allegations in Paragraph 55.

56.     In response to Paragraph 56, Capital One admits only that Plaintiff has made a prayer for relief from the Court. However, Capital One denies that Plaintiff is entitled to such relief.

## COUNT 3
## <u>VIOLATION OF 15 U.S.C. § 1692c(a)(2)</u>
(against Defendant-DC)

57.     Capital One reasserts its responses to Paragraphs 7 through 47 above as if fully set forth herein.

58.     The allegations contained in Paragraph 58 of Plaintiff's Complaint are not directed toward Capital One, such that no response is required. To the extent that Paragraph 58 does require a response, Capital One asserts that 15 U.S.C. § 1692c(a)(2) speaks for itself but otherwise denies the allegations of Paragraph 58 to the extent inconsistent therewith.

59.    The allegations contained in Paragraph 59 of Plaintiff's Complaint are not directed toward Capital One, such that no response is required. To the extent that response is required, Capital One admits only that it engaged Lloyd & McDaniel PLC to file a lawsuit and recover from Plaintiff the amount owed on the Account. Otherwise, Capital One denies the remaining allegations in Paragraph 59.

60.    The allegations contained in Paragraph 60 of Plaintiff's Complaint are not directed toward Capital One, such that no response is required. To the extent that a response is required, Capital One denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.    The allegations contained in Paragraph 61 of Plaintiff's Complaint are not directed toward Capital One, such that no response is required. To the extent that a response is required, Capital One admits only that Plaintiff has made a prayer for relief from the Court. However, Capital One denies that Plaintiff is entitled to such relief.

**COUNT 4**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**
(against Defendant-DC)

62.    Capital One reasserts its responses to Paragraphs 7 through 47 above as if fully set forth herein.

63.     The allegations contained in Paragraph 63 of Plaintiff's Complaint are not directed toward Capital One, such that no response is required. To the extent that Paragraph 63 does require a response, Capital One asserts that 15 U.S.C. § 1692e(8) speaks for itself but otherwise denies the allegations of Paragraph 63 to the extent inconsistent therewith.

64.     The allegations contained in Paragraph 64 of Plaintiff's Complaint are not directed toward Capital One, such that no response is required. To the extent that a response is required, Capital One admits only that it engaged Lloyd & McDaniel PLC to file a lawsuit and recover from Plaintiff the amount owed on the Account. Otherwise, Capital One denies the remaining allegations in Paragraph 64.

65.     The allegations contained in Paragraph 65 of Plaintiff's Complaint are not directed toward Capital One, such that no response is required. To the extent that a response is required, Capital One denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     The allegations contained in Paragraph 66 of Plaintiff's Complaint are not directed toward Capital One, such that no response is required. To the extent that a response is required, Capital One admits only that Plaintiff has made a prayer for relief from the Court. However, Capital One denies that Plaintiff is entitled to such relief.

*Capital One denies each and every allegation not expressly admitted herein, including in all Wherefore clauses, prayers for relief, subparts, and unnumbered paragraphs.*

## AFFIRMATIVE DEFENSES

Capital One, by and through its counsel, reserves the right to rely upon the following affirmative defenses to the claims asserted in Plaintiff's Complaint to the extent supported by evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on the Plaintiff and with the reservation of its rights to amend or supplement the responses to Plaintiff's Complaint, as well as its affirmative defenses, as information is gathered through discovery.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief can be granted under the Florida Consumer Collection Practices Act ("FCCPA"). Plaintiff has failed to allege or plead credible facts that Capital One has violated the FCCPA. *See* Fla. Stat. § 559.72.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to pursue an FCCPA claim because Plaintiff did not suffer a concrete injury. Purely procedural violations, as are alleged here and

which Capital One denies, are insufficient to confer standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016) (holding that "a bare procedural violation, divorced from any concrete harm" does not confer standing).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's FCCPA claims fails as a matter of law because the controlling choice of law provision imposing federal and Virginia law governs Plaintiff's and Capital One's interaction with the Account, and Florida law has no application. Plaintiff agreed through his Card Agreement with Capital One that the terms of his Account would be governed by federal and Virginia law. Moreover, the Agreement specifically addresses Capital One's communications, electronic or otherwise, with Plaintiff concerning the Account.

### FIFTH AFFIRMATIVE DEFENSE

Any violation of the FCCPA, which Capital One denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### SIXTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Capital One denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Capital One.

### SEVENTH AFFIRMATIVE DEFENSE

Capital One alleges that at all times mentioned in the Complaint, any injury, damage, or loss if any, allegedly experienced by Plaintiff was caused and contributed by the conduct of persons separate and apart from Capital One, including other creditors and/or debt collectors seeking to collect debts from Plaintiff. Capital One will seek from the court appropriate instructions for the trier of fact apportioning the negligence or fault, if any, attributable to those persons, for any injury, damage, or loss, if any, experienced by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Capital One alleges that at all times mentioned in the Complaint, any and all injury, damage, or loss, if any, allegedly experienced by Plaintiff was directly and proximately caused and contributed to by Plaintiff's own negligence or fault, and Capital One will seek from the court appropriate instructions for the trier of fact apportioning the responsibility for any injury, damage, or loss, if any, allocable to Plaintiff's comparative negligence or fault.

## NINTH AFFIRMATIVE DEFENSE

Capital One alleges that Plaintiff has not suffered any actual damages as a result of any alleged FCCPA violation by Capital One.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail to the extent that Plaintiff failed to mitigate his damages, if any. For example, Plaintiff may have failed to timely request that

Capital One cease collection attempts on the Account. As such, Plaintiff's recovery, if any, should be reduced by the amount that the damages complained of could have been lessened.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have Accounts with Capital One upon which they owe. Any amount sought to be recovered in this action is barred in whole or in part by the amounts owing from Plaintiff to Capital One, which amount operates as a set-off.

### TWELFTH AFFIRMATIVE DEFENSE

Capital One affirmatively asserts that, pursuant to § 768.041, Fla. Stat. and/or § 46.015, Fla. Stat., or any other applicable state or federal law, in the event this Court or a jury determines that Capital One is liable to Plaintiff, any award to Plaintiff against Capital One must be set-off by the recovery Plaintiff receives in any settlement with any other Defendants later added herein, or with non-parties, or by any judgment against said Defendants or non-parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

Capital One affirmatively asserts that Plaintiff is barred and/or limited from recovering from Capital One any damages for losses sustained which have been paid or are payable by any collateral sources of indemnity available to Plaintiff. Capital One is entitled to a set-off for any such amounts.

### FOURTEENTH AFFIRMATIVE DEFENSE

Capital One affirmatively asserts that to the extent Plaintiff's claims against Capital One relate to conduct beyond the applicable statute of limitations, they are barred.

## FIFTEENTH AFFIRMATIVE DEFENSE

Capital One affirmatively asserts that any claim asserted by Plaintiff for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L. Ed. 2d 674 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Florida litigation privilege. Florida recognizes an absolute litigation privilege that "must be afforded to any act occurring during the court of a judicial proceeding." *Levin, Middlebrooks, et al. v. United States Fire Insurance Co.*, 639 So. 2d 606 (Fla. 1994). The Florida Supreme Court has held that "[t]he litigation privilege applies across the board to actions in Florida, both to common law causes of action, those initiated pursuant to statute,

or of some other origin." *Echevarria, et al. v. Cole*, 950 So. 2d 380, 384 (Fla. 2007). *See also Delmonico v. Traynor*, 116 So. 3d 1205, 1217 (Fla. 2013); *Latam Investments, LLC v. Holland & Knight, LLP*, 88 So. 3d 240 (Fla. 3d DCA 2011).

<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

Count II fails to state a claim for which relief may be granted. The attorney representation notice letter ("ARN Letter") dated January 10, 2024, sent by Plaintiff's counsel, which is attached as Exhibit A to the Complaint (and which is therefore part of the Complaint pursuant to Rule 10(c), Fed. R. Civ. P.), nowhere states that the debt is disputed. This absence in the ARN Letter is why Plaintiff does not include the alleged "debt dispute" among the four issues raised in the ARN letter in Paragraph 13 of the Complaint. Thus, because the ARN Letter did not dispute the debt, Capital One could not have violated Fla. Stat. § 559.72(6) which states that, "[i]n collecting consumer debts, no person shall: … (6) Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact." While Plaintiff does allege in Paragraph 55 that Capital One was notified of the allegedly disputed debt by the ARN Letter, the ARN Letter itself is repugnant to this allegation and controls. "It is the law in this Circuit that 'when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.'" *Crenshaw v. Lister,* 556 F.3d 1283, 1292 (11th Cir. 2009) (quoting *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189,

1206 (11th Cir. 2007)).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Count I fails to state a claim for which relief may be granted. Plaintiff continually alleges that the Debt Validation Notice, which is Exhibit B to the Complaint, was sent by Capital One "by and through" Lloyd & McDaniel, PLC, and thus was sent on behalf of Capital One, *e.g.,* in Paragraphs 34, 36, 37, 39, 50, 55, of the Complaint. But as the Complaint plainly alleges in Paragraph 8, Capital One is the creditor here, and creditors do not send debt validation notices under 15 U.S.C. 1692g(a) "by and though" debt collectors. The model debt validation notice, which Exhibit B is clearly patterned on, is found here: https://files.consumerfinance.gov/f/documents/cfpb_model-validation-notice_2020-12.pdf. Such debt validation notice was not sent on behalf of Capital One because it is not Capital One's duty, as creditor, to send the debt validation notice. That duty is solely on the debt collector. *Ampadu v. Capital One,* 2022 U.S. Dist. LEXIS 109226, *6-7 (D.C. Conn. June 21, 2022) ("The FDCPA imposes a duty on a 'debt collector' to validate a debt upon request of the consumer. It states in relevant part that 'a debt collector' will 'send the consumer a written notice' with 'a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the

consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.' 15 U.S.C. § 1692g(a)(4). The FDCPA does not impose a corresponding obligation on a 'creditor' to validate a consumer's debt.") (citing *Thomas v. L. Firm of Simpson & Cybak*, 392 F.3d 914, 917 (7th Cir. 2004) (noting that "the FDCPA makes debt collectors, but not creditors, responsible for notifying debtors of their validation rights").  As a matter of law, Capital One did not send the Debt Validation Notice by and through a debt collector, which is Exhibit B to the Complaint, and thus Count I fails to state a claim for which relief can be granted.

## NINETEENTH AFFIRMATIVE DEFENSE

Count I fails to state a claim for which relief may be granted. Count I alleges that Capital One violated Fla. Stat. § 559.72(18) which states that, "[i]n collecting consumer debts, no person shall: … (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, *unless the debtor's attorney fails to respond within 30 days to a communication from the person*, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication." (emphasis added). Plaintiff's counsel's ARN Letter, which is Exhibit A to the Complaint, was dated January 10, 2024. Lloyd & McDaniel, PLC, sent a debt validation notice on behalf

of itself to Plaintiff's counsel on October 2, 2024. Lloyd & McDaniel, PLC, did not receive the response from Plaintiff's counsel, which was dated October 31, 2024, until November 8, 2024, 38 days later. Therefore, Plaintiff's counsel "fail[ed] to respond within 30 days," as stated in § 559.72(18), to Lloyd & McDaniel's October 2, 2024 letter. Therefore, Lloyd & McDaniel's debt validation notice sent directly to Plaintiff on November 4, 2024, which is Exhibit B to the Complaint, is not actionable.

**WHEREFORE**, CAPITAL ONE, N.A., respectfully requests that this Court dismiss Plaintiff's action and/or enter judgment in its favor, and award Capital One its attorney's fees and costs pursuant to any applicable statutory and/or contractual law, and to grant any further relief this Court deems just and proper.

Respectfully submitted,

*/s/ Andrew Kemp-Gerstel*
ANDREW KEMP-GERSTEL
Florida Bar No. 0044332
Email: AKG@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Facsimile: (305) 379-9626
*Counsel for Capital One, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this **4th** day of **April, 2025**, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Andrew Kemp-Gerstel*  _____
ANDREW KEMP-GERSTEL